## HOLUB v STATE

Ohio Appeals, 9th Dist, Summit Co

No 2195.   Decided Dec 12, 1932

E. F. Trunko, Akron, for plaintiff in error.

Gillum H. Doolittle, Director of Law and Ross R. Ormsby, Ass't Director of Law, Akron, for defendant in error.

WASHBURN, J.

The chief error complained of is that said section of said Municipal Court Act was in effect repealed or rendered ineffective by the passage of §13442-4 GC.  That section is a part of the new criminal code and was enacted some years after said Municipal Court section (§1579-519 GC).  It is provided in §13442-4 GC that "In all criminal cases pending in courts of record in this state, the defendant shall have the right to waive a trial by jury, and may, if he so elect, be tried by the court without a jury.  Such waiver and election by a de-

fendant, shall be in writing, signed by the defendant and filed in said cause and made a part of the record thereof."

It is conceded that the plaintiff in error did not sign any written waiver of a jury trial, and that he did not demand a jury trial nor object to being tried by the judge of the Municipal Court.

The Municipal Court of Akron is, by the act creating it, specifically declared to be a court of record, and it is therefore claimed that §13442-4 GC applies to said Municipal Court and specifically provides that there shall be no waiver of a jury in a criminal case unless that waiver is in writing.

If we should conclude that the legislature, in §13442-4 GC, used the words "courts of record in this State" to describe Municipal Courts, then it may be conceded that said section is in conflict with the aforementioned section of the Municipal Court of Akron Act.

While the Municipal Court of Akron comes within the descriptive phrase "courts of record in this state," we are satisfied, from a careful consideration of all of the provisions of the criminal code act, of which §13442-4 GC is a part, that the legislature did not use that descriptive phrase in that section to describe the Municipal Courts of the state.

The new criminal code was adopted as a whole by a single act of the legislature, and therefore, in construing one section of the act, consideration must be given to all of its provisions which relate to the subject-matter of the section being construed. For the purpose of learning the intention of the legislature, all statutes relating to the same subject are to be compared, and, so far as possible, brought into harmony by interpretation.

Sutherland on Statutory Construction, §288:

"1. A code of statutes relating to one subject, is presumed to be governed by one spirit and policy, and intended to be consistent and harmonious, and all of the several sections are to be considered in order to arrive at the meaning of any part, unless a contrary intent is clearly manifest."

City of Cincinnati et v Guckenberger, 60 Oh St 353.

The new criminal code provides in the first section thereof (§13422-1 GC) that judges of the Municipal Courts should be included in the word "magistrate" as used in said act; that section provides that "for the purpose of this title, the word 'magistrate' shall be held to include justices of the peace, police judges or justices, mayors of municipal corporations and judges of other courts inferior to the Court of Common Pleas." A Municipal Court judge is a judge of a court inferior to the Court of Common Pleas. Said criminal code act also specifically provides for the waiver of a jury trial in a criminal case before a magistrate, which, as has been said, includes judges of Municipal Courts. That provision is substantially the same as the section of the Municipal Court of Akron Act, hereinbefore referred to. The section of the criminal code act dealing with that subject is §13424-1 GC, which is as follows:

"In prosecutions before a magistrate, when imprisonment is a part of the punishment, if a trial by jury is demanded, the magistrate, not less than three days nor more than five days before the time fixed for trial, shall certify to the clerk of the Court of Common Pleas of the county that such prosecution is pending before him. FAILURE TO DEMAND A JURY AS IN THIS SECTION PROVIDED, SHALL BE DEEMED A WAIVER OF THE SAME."

Hence, we see that the criminal code act specifically declares, as is implied in the Municipal Court of Akron Act, that a mere failure to demand a jury is a waiver of a jury, and this provision is in the part of the criminal code that relates to proceedings in courts inferior to the Court of Common Pleas, and throughout the act this distinction between the Court of Common Pleas and the courts inferior to the Court of Common Pleas is maintained.

Chapter 16 of the criminal code act relates to the subject of indictment, which has no application to courts inferior to the Common Pleas Court. That is true of Chapter 17, which relates to process on indictments, and that is true also of Chapters 18, 19 and 20, none of which have any application to proceedings before a magistrate or before a court inferior to the Court of Common Pleas. Chapter 21 contains general provisions in reference to trial, and it is apparent that none of the sections in said chapter apply to courts inferior to the Common Pleas Court, unless it be this one section that we are considering, which is §13442-4 GC.

As has been said, Municipal Courts are classified in the act not as courts of record but as courts inferior to the Common Pleas Court, and as to them provision as to

waiver of jury is made in §13424-1 GC.

A construction of a section of the statutes which tends to annul the provisions of another section of the same act and other statutes, will not be adopted in the absence of the plainest expression of such intention and purpose on the part of the legislature.

**Columbus Street Ry. Co. v Pace, 68 Oh St 200.**

A careful consideration of this whole matter leads us to the conclusion that the legislature did not use the descriptive phrase "courts of record in this state" in said section to describe Municipal Courts. We therefore hold that §13442-4 GC in no way affects or modifies the provisions of §13424-1 GC or provisions of the Municipal Court of Akron Act relating to the subject of waiver of juries, and that the judge of the Municipal Court of Akron was not in error in proceeding to try the plaintiff in error without a jury.

· Laws which provide that in misdemeanor cases a failure to demand a jury shall constitute a waiver of a jury, are constitutional.

**Hoffman v State, 98 Oh St 137.**

**Goldberg Co. v Emerman, 125 Oh St 238.**

There are some other matters which occurred at the trial and about which complaint is made, but we find no prejudicial error in the record, and the judgment is therefore affirmed.

PARDEE, PJ, and FUNK, J, concur in judgment.